COMMONWEALTH *vs.* JOHN F. KROHN, JR. No. 92-P-367. February 8, 1994. *Homicide. Insanity. Evidence*, Sanity. *Mental Impairment. Practice, Criminal*, Instructions to jury.

The defendant was indicted for murder and armed assault with intent to murder. The principal issue at trial was the defendant's criminal responsibility. After the jury in the Superior Court returned verdicts of guilty of second degree murder and armed assault with intent to murder, the defendant lodged his appeal claiming that the Commonwealth failed to prove beyond a reasonable doubt that he was sane at the time of the commission of the offenses and that the judge's instruction that one may infer sanity from the fact that most men are sane violated art. 12 of the Massachusetts Declaration of Rights. We affirm the convictions.

The defendant based his claim that the Commonwealth's evidence was insufficient to prove the defendant's sanity on the premise that the defendant's actions defied reason and lacked motive. The facts of the crime are not disputed. The defendant's cousin and her daughter paid an unannounced visit to the defendant's mother, who suffered from Alzheimer's disease. The defendant lived with his mother. He asked the two visitors to leave three times. When they ignored his requests, he returned with a rifle and shot and killed his cousin and then shot and wounded her daughter. Immediately thereafter he dialed 911, requested an ambulance to be sent to his address, identified himself, and informed the operator that he had just shot two people. When the police arrived at his house, he surrendered his rifle, told them that he was not going to do anything, and that he shot the two women because "they made him mad." At the police station, he acknowledged his Miranda rights, explained that the victims had angered him by giving him a "bad time" about the way he treated his mother, and, when they refused to leave, he shot them. He also asked how the victims were doing, requested his glasses, and furnished the police with all requested information such as his Social Security number and mother's maiden name.

The defendant presented expert testimony at trial that he suffered from a mental disease and lacked the substantial capacity to appreciate the wrongfulness of his acts or to form the specific intent to murder. In rebuttal, the Commonwealth presented two experts who testified that they found no evidence that at the time of the incident the defendant lacked the substantial capacity either to understand the wrongfulness of his conduct or to conform his conduct to the requirements of law.

The determination of sanity is an issue of fact for the jury. *Commonwealth* v. *Matthews*, 406 Mass. 380, 387 (1990). Here, the evidence when viewed in the light most favorable to the Commonwealth, see *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), was sufficient for a rational fact finder to find the defendant sane beyond a reasonable doubt.

The defendant argues that the judge's charge to the jury that, "[i]n considering whether the defendant was sane, if you feel it appropriate, you may take into account that the great majority of people are sane, and that there is a resulting likelihood that any particular person is sane" violates art. 12 of the Massachusetts Declaration of Rights. The Supreme Judicial Court has recently rejected this argument and affirmed that the instruction is correct under Massachusetts law. *Commonwealth* v. *Kappler*, 416 Mass. 574, 585-587 (1993).

*Judgments affirmed.*

*Kenneth F. MacIver, Jr.*, for the defendant.
*Barbara F. Berenson*, Assistant District Attorney, for the Commonwealth.